Judge Rowan
delivered the opinion of the court.
Morrison sued M’Bean, in a petition and summons on the following note:
“559⅜⅜ . “Lexington, 9th Jiharch, 1814.
“On the the 8th of April next, 1 promise to pay James “Morrison or order, five hundred and fifty nine dollars ⅞⅝,
“for value received of Nicholas Smith, being an account “of his wages at the Madison Hemp and Flax Spinning “Company Manufactory, in Madison county.
“For the Madison Hemp and Flax Spinning Company,
“W. macbean. Prest”’
Macbean pleaded in there several pleas, that he had executed the said note as president of the Madison hemp and flax spinning company. To all of which pleas plaintiff demurred; and defendant joined in demurrer. The court sustained the demurrers, and there was verdict and judgment for plaintiff; from which defendant appealed. The question in the court below, as it is upon the assignment of error here, was, whether Macbean was individually bound by the said note to pay the amount thereof. If this were to be decided as matter of first impression, upon the tendt and obligatory effect of thé note, the court would feel considerable embarrassment. The obligatory part, “I promise to pay,” imports exclusively individual liability: The *546 concluding part, “for the Madison hemp and flax spinning ctf,llPair'i W. Macbean, prest.” would seem to indicate that he signed the said note in his .fidducial character as agent (via president) of the company. But as the Jaw de^Uces ltle liability from the obligatory tenor of the note, and subjects the party in the character in which he is bound therein, we should be constrained to approve the °f the court below. But in this case, the author-tties in support of that judgment are numerous and res-^rectable. See in 2d Wheaton’s Rep. the case of Duvall vs. Craig, pages 56-7, and (he authorities eited in note to ⅜.
llaggin for appellant, Widdifje for appellee.
An obligor hisindlvf u^- or fiduciary character,ac-ryparto7\hé obiigation— not as lie ;cnbes
Judgment must be affirmed with costs and damages.